UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| JUDITH M. SECKEL, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | No. 4:07CV1909 CEJ |
|  | ) |  |
| HAZELWOOD BOWL, LLC | ) |  |
| and CAROLYN HAUPT, | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## MEMORANDUM AND ORDER

Before the Court is the defendants' motion for partial dismissal. Defendants seek to dismiss the complaint as to defendant Carolyn Haupt and to dismiss plaintiff's breach of contract claim against defendant Hazelwood Bowl, LLC, for failure to state a claim. See Fed.R.Civ.P. 12(b)(6). Plaintiff has not responded to defendant's motion, and the time allowed for doing so has passed.

## Background

Plaintiff brings this action claiming sex discrimination, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e et seq., and age discrimination, in violation of the Age Discrimination in Employment Act of 1977, as amended ("ADEA"), 29 U.S.C. § § 621 et seq. Plaintiff alleges that she was employed in a full-time position at Hazelwood Bowl, LLC, which is owned and operated by defendant Haupt. In the complaint, plaintiff alleges that sometime between December

2006 and January 2007, defendants discriminated against her, on the basis of her sex and age, by terminating her employment and replacing her with younger male employees. Plaintiff additionally asserts that defendants breached a "verbal contract for 20 years employment."

Defendants argue that plaintiff's claims of intentional discrimination against defendant Haupt should be dismissed, as supervisors cannot be liable for discriminatory acts under Title VII or the ADEA. Defendants additionally argue that plaintiff's breach of contract claim is barred by the statute of frauds.

## **Legal Standard**

The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the legal sufficiency of the complaint. The factual allegations of a complaint are assumed true and construed in favor of the plaintiff, "even if it strikes a savvy judge that actual proof of those facts is improbable." Bell Atlantic Corp. v. Twombly, --- U.S. ---, 127 S.Ct. 1955, 1965 (May 21, 2007) citing Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 n.1 (2002); Neitzke v. Williams, 490 U.S. 319, 327 (1989) ("Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations"); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (a well pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely"). The issue is not whether the plaintiff will ultimately prevail, but whether

the plaintiff is entitled to present evidence in support of his claim. Id. A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp., 127 S. Ct. at 1974; see also Id. at 1969 ("no set of facts" language in Conley v. Gibson, 355 U.S. 41, 45-46 (1957), "has earned its retirement.")). "Factual allegations must be enough to raise a right to relief above the speculative level." Id. at 1965.

## Discussion

Individual supervisors cannot be liable under Title VII or the ADEA. Roark v. City of Hazen,189 F.3d 758, 761 (8th Cir. 1999) citing Bonomolo-Hagen v. Clay Central-Everly Community School Dist., 121 F.3d 446, 447 (8th Cir. 1997); Herrero v. St. Louis University Hosp., 929 F.Supp. 1260, 1266 (E.D. Mo. 1996); Griswold v. New Madrid County Group Practice, Inc., 920 F.Supp. 1046 (E.D. Mo. 1996). Accordingly, plaintiff's claims of discrimination against defendant Haupt, her former supervisor, are subject to dismissal.

Plaintiff second claim is that the defendants breached an oral contract to employ her for 20 years. A claim based on an *oral* contract for employment for more than one year is barred by the Missouri statute of frauds. Mo.Rev.Stat. § 432.010; see also, Emerick v. Mutual Benefit Life Insurance Co., 756 S.W.2d 513, 526 (Mo. 1988) (oral contract for employment to extend more than one year was barred by the statute of

frauds); <u>Urologic Surgeons, Inc. v. Bullock</u>, 117 S.W.3d 722, 728 (Mo. App. 2003) (oral employment contract for a term of five years was barred by the statute of frauds).  As such, plaintiff's breach of contract claim must be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion for partial dismissal of the complaint [Doc. #9] is **granted**.

Dated this 28th day of April, 2008.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE