UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JUDITH M. SECKEL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:07CV1909 CEJ |
| | ) | |
| HAZELWOOD BOWL, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of defendant Hazelwood Bowl, LLC for summary judgment. Plaintiff filed suit under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, and the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621, *et seq.*, alleging that defendant fired her because of her gender and age. Defendant argues that it is entitled to summary judgment because plaintiff has failed to make a prima facie case of discrimination and because it fired plaintiff for a legitimate, nondiscriminatory reason. Additionally, defendant asks to be awarded attorneys' fees.

### Standard

Rule 56 (c) of the Federal Rules of Civil Procedure provides that a motion for summary judgment should be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine

issue as to any material fact and that the movant is entitled to judgment as a matter of law."

In reviewing a motion for summary judgment, this Court is required to view the facts in a light most favorable to the non-moving party and to give the nonmoving party the benefit of any inferences that can logically be drawn from those facts. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Buller v. Buechler, 706 F.2d 844, 846 (8th Cir. 1983). Moreover, this Court is required to resolve all conflicts in favor of the nonmoving party. Robert Johnson Grain Co. v. Chemical Interchange Co., 541 F.2d 207, 210 (8th Cir. 1976). This Court is, however, "'not required to speculate on which portion of the record the nonmoving party relies, nor is it obligated to wade through and search the entire record for some specific facts that might support the nonmoving party's claim.'" Barge v. Anheuser-Busch, Inc., 87 F.3d 256, 260 (8th Cir. 1996) (quoting White v. McDonnell Douglas Corp., 904 F.2d 456, 458 (8th Cir. 1990)). When the nonmoving party fails to provide a statement of facts with citations to the record, that party fails to create a genuine issue of material fact. See Id.; E.D. Mo. L.R. 4.01(E) ("All matters set forth in the statement of the movant shall be deemed admitted for purposes of summary judgment unless specifically controverted by the opposing party.").

## Background

Plaintiff did not respond to defendant's statement of material facts or file her own statement of material facts. Nor did plaintiff cite to any admissible evidence in her response brief. Thus, the Court accepts as true all of the facts stated in defendant's statement of material facts. E.D. Mo. L.R. 4.01(E).

Defendant, Hazelwood Bowl, LLC, operates a bowling center in Hazelwood, Missouri. Hazelwood Bowl purchased the bowling center on November 3, 2006, from its previous owner. Carolyn Haupt is Hazelwood Bowl's owner and manager.

Plaintiff began working at the bowling center in October or November of 2005, under the bowling center's previous management. After Hazelwood Bowl purchased the bowling center, the existing employees were required to submit new applications in order to be considered for employment. Plaintiff submitted an application, and Haupt hired her in November 2006. Under the bowling center's previous management, plaintiff was earning $8.00 per hour. Upon hiring plaintiff, Haupt increased plaintiff's hourly wage to $11.00. Plaintiff was sixty-six years old when Haupt hired her.

Plaintiff's job duties with Hazelwood Bowl included working at the bowling center's main desk, serving as secretary for some of the bowling center's bowling leagues and otherwise filling in as needed. Plaintiff's job duties included customer service.

On December 31, 2006, plaintiff wrote a note to Haupt, which stated "Most of your open play are of a minority race. I would suggest you don't spend an arm and a leg on tile or rug." Haupt found the note offensive because the note implied that because the bowling center's customers are members of minority races, the customers should not enjoy the benefits of quality amenities within the bowling center. That is, Haupt interpreted the note as expressing a racially discriminatory attitude toward some of the bowling center's customers.

On January 2, 2007, Haupt and Mr. Shucart, the bowling center's manager, met with plaintiff, confirmed that plaintiff had written the note in question, and informed plaintiff that her employment was terminated. Plaintiff was sixty-six years old when she was fired.

Plaintiff testified in her deposition that a majority of Hazelwood Bowl's open play (non-league) bowlers were African-Americans, Hispanics, Asian or Eastern European. Plaintiff admitted in her deposition that the statement in her note reflected a discriminatory animus. Plaintiff further admitted in her deposition that the note was the reason she was terminated.

Plaintiff testified in her deposition that her basis for claiming unlawful discrimination was that she believed she had been replaced with younger, male employees. Plaintiff believes she was replaced by Al Giolat and Scott Flemming.

Giolat was hired by Hazelwood Bowl before plaintiff's employment was

-4-

terminated. Flemming was hired by Hazelwood Bowl to replace League Coordinator, Ed Mueller, whose employment with Hazelwood Bowl ended prior to plaintiff's termination.

After plaintiff was terminated, plaintiff's hours and duties were initially filled by Haupt and Shucart. Subsequently, Flemming took over some of plaintiff's former job duties. At the time he assumed those duties, Flemming was forty-eight years old.

## Discussion

### 1. No Prima Facie Case of Discrimination

"An employee may establish unlawful employment discrimination through direct or indirect evidence." Bearden v. International Paper Co., 529 F.3d 828, 831 (8th Cir. 2008). Because plaintiff has failed to produce any direct evidence of discrimination in this case, the Court must apply the McDonnell Douglas[1] burden-shifting analysis to determine whether plaintiff has established a prima facie case of discrimination. Id. To establish a prima facie case, plaintiff must show that "(1) she was a member of the protected group; (2) she was qualified to perform the job; (3) she suffered an adverse employment action; and (4) circumstances permit an inference of discrimination." Id.

---

[1] McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973).

The United States Court of Appeals for the Eighth Circuit has "noted it is unlikely a supervisor would hire an older employee and then discriminate on the basis of age, and such evidence creates a presumption against discrimination." Fitzgerald v. Action, Inc., 521 F.3d 867, 877 (8th Cir. 2008) (citing Peterson v. Scott County, 406 F.3d 515, 522 (8th Cir.2005)). Similarly, "[t]here is a strong inference that discrimination was not a motivating factor if the same person hired and fired the plaintiff within a relatively short period of time." Herr v. Airborne Freight Corp., 130 F.3d 359, 362 -363 (8th Cir.1997). In this action, Haupt hired plaintiff at age sixty-six. Haupt then fired plaintiff two months later. These factors both give rise to an inference that discrimination was not a motivating factor for plaintiff's termination. Plaintiff has not introduced any evidence to rebut this inference. As a result, plaintiff has failed to demonstrate a prima facie case of discrimination, and defendant is entitled to summary judgment.

2. **McDonnell Douglas Burden-Shifting Test**

If plaintiff were to have demonstrated a prima facie case of discrimination, plaintiff would still have to show that defendant's proffered reason for terminating her was a pretext for age or gender discrimination. Establishing the prima facie elements merely creates an inference of discrimination which shifts the burden to defendant to articulate a legitimate, non-discriminatory reason for its termination decision. Bearden, 529 F.3d at 831. Once defendant articulates a satisfactory reason for its decision, the

burden then shifts back to plaintiff to prove that the proffered reason is pretextual. Id. at 831-32. Failure to offer evidence of pretext is fatal to plaintiff's discrimination claims. O'Sullivan v. Minnesota, 191 F.3d 965, 970 (8th Cir. 1999).

Defendant has asserted that Haupt terminated plaintiff because plaintiff exhibited a discriminatory attitude towards its minority customers. The Court finds this to be a legitimate, non-discriminatory reason for plaintiff's termination. As a result, the burden shifts to plaintiff to prove that defendant's reason is pretextual.

Plaintiff has not offered any evidence that would show that defendant's proffered reason for her termination is pretextual. Therefore, defendant is entitled to summary judgment.

### 3. Attorneys' Fees

Defendant requests that the Court award it reasonable attorneys' fees pursuant to 42 U.S.C. § 2000e-5(k). However, defendant has not specified the amount of attorneys' fees it has incurred. The request will therefore be denied without prejudice. If defendant wishes to recover attorneys' fees, it may file a separate motion for attorneys' fees pursuant to Rule 54 of the Federal Rules of Civil Procedure.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion for summary judgment [#26] is **granted.**

**IT IS FURTHER ORDERED** that the defendant's request for attorneys' fees is **denied without prejudice**.

Dated this 13th day of April, 2009.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE