UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JUDITH M. SECKEL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:07CV1909 CEJ |
| | ) | |
| HAZELWOOD BOWL, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

This matter is before the Court on defendant's motion for bill of costs and motion for attorneys' fees. The plaintiff has filed a response.

1. **Motion for Bill of Costs**

On April 13, 2009, the Court granted the defendant's motion for summary judgment and entered judgment in defendant's favor. The presumption under Rule 54 (d) of the Federal Rules of Civil Procedure is that the prevailing party is entitled to costs. Bathke v. Casey's General Stores, Inc., 64 F.3d 340, 347 (8th Cir. 1995). However, Rule 54(d) gives the district court discretion in determining whether to tax costs at all and whether to reduce the amount of costs taxed due to a litigant's indigent status. See Lampkins v. Thompson, 337 F.3d 1009, 1017 (8th Cir. 2003).

Defendant has incurred costs in the sum of $759.54. Plaintiff was granted leave to commence this action *in forma pauperis*. In response to the defendant's motion, plaintiff has filed documents showing that most of her income consists of Social Security benefits and that has an annual income of less than $13,000.

Because plaintiff is clearly indigent, an order requiring her to pay all or any part of the defendant's costs cannot be justified. Therefore, the Court will deny defendant's motion for bill of costs.

   2.   **Motion for Attorneys' Fees**

"[A] court may not award attorneys' fees to a prevailing Title VII defendant unless the 'court finds that [the plaintiff's] claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so.'" Marquart v. Lodge 837, Int'l Ass'n of Machinists & Aerospace Workers, 26 F.3d 842, 848 (8th Cir. 1994) (quoting Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 422 (1978)). "[T]he Supreme Court has declared that a prevailing defendant is entitled to attorney's fees only in very narrow circumstances.'" Id. (quoting Eichman v. Lindent & Sons, Inc., 752 F.2d 1246, 1248 (7th Cir. 1985). "'[S]o long as the plaintiff has "some basis" for the discrimination claim, a prevailing defendant may *not* recover attorneys' fees.'" Id. (quoting EEOC v. Kenneth Balk & Assocs., Inc., 813 F.2d 197, 198 (8th Cir. 1987)). Additionally, the United States Court of Appeals for the Eighth Circuit has held that "'Christiansburg should be applied in pro se cases with attention to the plaintiff's ability to recognize the merits of his or her claims.'" Chester v. St. Louis Housing Authority, 873 F.2d 207, 209 (8th Cir. 1989) (quoting Miller v. Los Angeles County Board of Education, 827 F.2d 617, 620 (9th Cir. 1987)). "Pro se plaintiffs cannot simply be assumed to have the same ability as a plaintiff represented by counsel to recognize the objective merit (or lack of merit) of a claim." Id. (quotation and citation omitted).

After reviewing the case file, the Court believes that plaintiff was unable to recognize the merits of her claims or to understand her burden of proof. Further,

plaintiff's case was not frivolous or unreasonable. The defendant's motion for attorneys' fees will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion for bill of costs [#34] is **denied**.

**IT IS FURTHER ORDERED** that defendant's motion for attorneys' fees [#35] is **denied**.

Dated this 10th day of February, 2010.

                                                                    */s/ Carol E. Jackson*
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE